IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00048-KDB-SCR

| | |
|---|---|
| **JAMIE FORBES,** **Plaintiff,** v. **ATLANTIC BAY MORTGAGE GROUP, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JOHN DOES 1-10,** **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on named Defendants' Motion to Dismiss (Doc. No. 17). The Court has carefully considered this motion and the parties' briefs and pleadings. For the reasons summarized below and discussed in detail in Defendants' memoranda in support of their motion (Doc. Nos. 18, 22), the Court will **GRANT** the motion and **DISMISS** this action with prejudice.

Plaintiff is the alleged owner of property in Hickory, North Carolina, which was purchased using a mortgage loan ("Note") from Defendant Atlantic Bay Mortgage Group ("ABMG") to Plaintiff's husband and secured by a Deed of Trust between Plaintiff and her husband, as borrowers, ABMG, as lender, and Defendant Mortgage Electronic Registration Systems, Inc ("MERS"), as beneficiary and nominee for AMBG. Without recounting the full complexity of the Complaint, Plaintiff alleges that the standard securitization of this home loan – in which the Note and Deed of Trust allegedly became "irreparably separated" – invalidated Defendants' security interest in the property and allows her to own the property free and clear of any obligation to repay

1

the $612,000 loan. Specifically, Plaintiff asserts the following claims: (I) violations of RESPA, (II) Quiet Title, (III) Breach of Contract, (IV) Declaratory Relief, and (v) Violations of the Truth & Lending Act and Regulation Z. (Doc. No. 1).

Plaintiff's claims fail for several reasons. First, beyond asking the Court to declare that Defendants have no secured interests in the property, Plaintiff has not alleged that Defendants have sought to foreclose on the property or otherwise asserted their rights. Therefore, there is no ripe "case or controversy" to support the Court's jurisdiction. *See Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 206 (4th Cir. 2022). Further, Plaintiff lacks standing to assert claims challenging the securitization of this home loan because neither she nor her husband are parties to the pooling and servicing agreements through which the securitizations are documented. *See Mahan v. American Sec. Mortg. Corp.*, 5:14-cv-176 (W.D.N.C. Dec. 29, 2014).

And, as to the merits, Plaintiff's "note splitting" theory (and related claims) have been routinely rejected by this Court, and courts across the country. *See Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 622 (4th Cir. 2011) (affirming holding that bifurcation theory is meritless and quiet title claim must be dismissed); *Holland v. Wells Fargo Home Mortg. Am. Sec. Mortg. Corp. Mortg. Elec. Registration Sys.,* 2015 U.S. Dist. LEXIS 14553 (W.D.N.C. Dec. 29, 2014) ("North Carolina law defeat's [Plaintiff's] claim…[that] [Defendants] lacked standing to enforce the Note and Deed and Trust because title to the Note and Deed of Trust allegedly were separated in the securitization process"); *Mullis v. First Charter Bank*, No. 5:12cv90, 2013 U.S. Dist. LEXIS 105927, at *9-11 (W.D.N.C. July 28, 2013) ("The Court agrees with Defendants that no legal authority, either cited by Plaintiffs or found by this Court, supports the Plaintiffs' naked assertion . . . [that] '[b]ecause the ownership of the Deed of Trust and the Note have been bifurcated and are

not together with the same entity, the Deed of Trust has been rendered void and a nullity and constitutes a cloud on title.'").

Finally, even though Plaintiff (who is apparently an inactive member of the California bar) is appearing *pro se*, there is no basis to permit amendment of the Complaint as she requests. While this Court liberally allows *pro se* plaintiffs to amend when there is some reason to believe that further amendment could lead to a viable claim, here Plaintiff's initial claims are plainly meritless and she has not suggested any new factual allegations or legal theory which could survive dismissal. *See Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) (Courts may deny leave to amend a pleading if the amendment would have been futile). Therefore, this action will be dismissed with prejudice.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 17) is **GRANTED**;
2. This action is **DISMISSED** with prejudice; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 13, 2024

Kenneth D. Bell
United States District Judge